IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

CATHERINE ANN HAYES            CASE NO. 07-50774-NPO

DEBTOR                                CHAPTER 13

### AGREED ORDER ON MOTION FOR ABANDONMENT AND FOR RELIEF FROM AUTOMATIC STAY [dk #19]

This case came on for consideration on the motion for Abandonment and for Relief from Automatic Stay [dk# 19] filed by the United States of America, for and on behalf of its agency, U.S. Department of Agriculture, and the Court upon being advised that the parties have settled the disputed issues between them, finds that the agreement should become the order of this Court.

**ORDERED AND ADJUDGED** that the provisions of the Chapter 13 plan of the debtor be amended to provide for the payment through the plan of the post petition arrearage owed to U.S. Department of Agriculture in the amount of $9,425.68 as of March 12, 2010. The plan payments are to be adjusted as needed to fund the amendment to the plan, and the trustee is hereby authorized as directed to make payments to U.S. Department of Agriculture in accordance with this order.

**FURTHER ORDERED AND ADJUDGED** that if the debtor fails to comply with any provisions of this agreed order, or if the debtor becomes more than thirty (30) days in arrears with any payment due the U.S. Department of Agriculture, then the automatic stay of 11 U.S.C. §362 shall lift and the property described in Exhibit B to the Motion for Relief From Stay and Abandonment [dk #19] and the attachment to this order will be abandoned without further order

of this court and the U.S. Department of Agriculture may proceed with foreclosure of its security interest.

**FURTHER ORDERED AND ADJUDGED** that notice in this proceeding was sufficient to afford reasonable notice of the material provisions of the agreement and an opportunity for a hearing. The procedures prescribed by Fed. R. Bankr. P. Rule 4001(d)(1)-(3) shall not apply and this agreed order shall be approved without further notice.

**SO ORDERED.**

_____
Neil P. Olack
United States Bankruptcy Judge
Dated: April 16, 2010


AGREED TO:


See attached signature page
_____
John H. Anderson
Attorney for Debtor


See attached signature page
_____
J.C. Bell
Bankruptcy Trustee

Prepared by:

_____
Crockett Lindsey
Assistant U.S. Attorney
Attorney for U.S. Department
 of Agriculture, Creditor
1575 20th Avenue
Gulfport, Mississippi 39501
Telephone: 228-563-1560
Mississippi Bar No. 1265

07-50774-KMS Dkt 26 Filed 04/16/10 Entered 04/16/10 13:06:01 Page 3 of 7
04/07/2010 07:47 FAX 601 584 9451 CHAPTER 13 TRUSTEE ☐003/006
APR-06-2010 TUE 03:34 PM  US ATTORNEYS OFFICE    FAX NO. 2285631571    P. 03

APR-06-2010 TUE 12:01 PM  US ATTORNEYS OFFICE    FAX NO. 2285631571    P. 03

of this court and the U.S. Department of Agriculture may proceed with foreclosure of its security interest.

FURTHER ORDERED AND ADJUDGED that notice in this proceeding was sufficient to afford reasonable notice of the material provisions of the agreement and an opportunity for a hearing. The procedures prescribed by Fed. R. Bankr. P. Rule 4001(d)(1)-(3) shall not apply and this agreed order shall be approved without further notice.

SO ORDERED.

AGREED TO:

*John H. Anderson*
John H. Anderson
Attorney for Debtor

*J.C. Bell*
J.C. Bell
Bankruptcy Trustee

Prepared by:

Crockett Lindsey
Assistant U.S. Attorney
Attorney for U.S. Department
of Agriculture, Creditor
1575 20th Avenue
Gulfport, Mississippi 39501
Telephone: 228-563-1560
Mississippi Bar No. 1265

**121**

USDA-FmHA
Form FmHA 427-1 MS
(Rev. 1-11-84)

# REAL ESTATE DEED OF TRUST FOR MISSISSIPPI

THIS DEED OF TRUST is made and entered into by and between __CATHERINE A. HAYES, a single person__ XXX

residing in __Covington__ County, Mississippi, whose post office address is __P.O. Box 1052, Collins,__ Mississippi __39428__

grantor(s), herein called "Borrower," and __James E. Clark, Jr., County Supervisor__

as trustee, herein called "Trustee," and the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, beneficiary, herein called the "Government," and:

WHEREAS, Borrower is indebted to the Government as evidenced by one or more promissory note(s) or assumption agreement(s), herein called "note" which has been executed by Borrower, is payable to the order of the Government, authorizes acceleration of the entire indebtedness at the option of the Government upon any default by Borrower, and is described as follows:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| June 20, 1985 | $41,000.00 | 11-3/8% | June 20, 2018 |

(The interest rate for limited resource farm ownership or limited resource operating loan(s) secured by this instrument will be increased after 3 years, as provided in the Farmers Home Administration regulations and the note.)

And the note evidences a loan to Borrower, and the Government, at any time, may assign the note and insure the payment thereof pursuant to the Consolidated Farm and Rural Development Act, or Title V of the Housing Act of 1949, or any other statutes administered by the Farmers Home Administration;

And it is the purpose and intent of this instrument that, among other things, at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the note, this instrument shall secure payment of the note; but when the note is held by an insured holder, this instrument shall not secure payment of the note or attach to the debt evidenced thereby, but as to the note and such debt shall constitute an indemnity mortgage to secure the Government against loss under its insurance contract by reason of any default by Borrower:

And this instrument also secures the recapture of any interest credit or subsidy which may be granted to the Borrower by the Government pursuant to 42 U.S.C. §1490a.

NOW, THEREFORE, in consideration of the loan(s), Borrower does hereby grant, bargain, sell, convey, and assign unto trustee with general warranty the following described property situated in the State of Mississippi County(ies) of COVINGTON

FmHA 427-1 MS (Rev. 1-11-84)

Attachment

(23) If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (a) neither the Borrower nor anyone authorized to act for the Borrower will, after receipt of a bona fide offer, refuse to negotiate for its sale or rental, or will otherwise make unavailable and hereby disclaims and will not comply with or attempt to enforce any restrictive covenants on said property relating to race, color, religion, sex, or national origin.

(24) This instrument shall be subject to the present regulations of the Farmers Home Administration, and to its future regulations not inconsistent with the express provisions hereof.

(25) Notices given hereunder shall be sent by certified mail, unless otherwise required by law, and addressed, unless and until some other address is designated in a notice so given, in the case of the Government to Farmers Home Administration at Jackson, Mississippi 39201, and in the case of Borrower to the address shown in the Farmers Home Administration Finance Office records (which normally will be the same as the post office shown above).

(26) If any provision of this instrument or application thereof to any person or circumstances is held invalid, such invalidity will not affect other provisions or applications of the instrument which can be given effect without the invalid provision or application, and to that end the provisions hereof are declared to be severable.

WITNESS the signature(s) of Borrower this __20th__ day of __June__, 19 __85__.

_Catherine A. Hayes_
CATHERINE A. HAYES, a single person

STATE OF MISSISSIPPI
COUNTY OF __COVINGTON__ } ss.

ACKNOWLEDGMENT

Personally appeared before me, the undersigned, a __Notary Public__ in and for said County and State, the within-named __Catherine A. Hayes, a single person__ who acknowledged that they signed and delivered the foregoing instrument on the day and year therein mentioned.

Given under my hand and official seal this __20th__ day of __June__, 19 __85__.

_Madeline Smith_
(Signature)
Notary Public
(Title)

(SEAL)

My commission expires: __4-12-87__

The State of Mississippi } Chancery Clerk's Office
Covington County

I certify that this instrument was filed for record at __11:45__ o'clock __A.__ M. on the __20th__ day of __June__, 19 __85__ at my office in Collins, Miss., and was recorded in Book __364__ Page __121__ this __24__ day of __June__ A.D. 19 __85__

LYNN MAYFIELD, Chy. Clk.

By _Ronda Mayfield_ D.C.

FmHA Instruction 1951-I
Exhibit A

# UNITED STATES DEPARTMENT OF AGRICULTURE
# FARMERS HOME ADMINISTRATION

## Subsidy Repayment Agreement

Date of Note 06/20/85  Amount of Note $41,000.00  Date of mortgage 06/20/85

Date of Note _____  Amount of Note _____  Date of mortgage _____

Type of assistance: RURAL HOUSING LOAN
1. Interest credit [X]
2. Homeownership Assistance Program [ ]

Address of Property: North Pines Subdivision

Collins, MS

BORROWER: CATHERINE A. HAYES

CO-BORROWER:

1  This agreement entered into pursuant to 7 CFR 1951-I, between the United States of America, acting through the Farmers Home Administration (FmHA) (herein called "the Government") pursuant to section 521 of Title V of the Housing Act of 1949 and the borrower(s) whose name(s) and address(es) appear above (herein sometimes referred to as "borrower"), supplements the note(s) from borrower to the Government as described above, and any promissory note(s) for loans made to borrower in the future by the Government. Such future notes, when executed, will be listed below the signature line of this Subsidy Repayment Agreement.

2  I (we) agree to the conditions set forth in this agreement for the repayment of the subsidy granted me (us) in the form of interest credits or Homeownership Assistance Program (HOAP) subsidy (hereinafter called "subsidy").

3  I (we) agree that the real property described in the mortgage(s) listed above is pledged as security for repayment of the subsidy received or to be received. I (we) agree that the subsidy is due and payable upon the transfer of title or non-occupancy of the property by me (us). I (we) understand that the real estate securing the loan(s) is the only security for the subsidy received. I (we) further understand that I (we) will not be required to repay any of the subsidy from other than the value (as determined by the Government) of the real estate, mortgaged by myself (ourselves) in order to obtain a Section 502 Rural Housing (RH) loan.

(9-27-79)  SPECIAL PN

FmHA Instruction 1951-I
Exhibit A
Page 4

7   When a FmHA RH loan is repaid by other than foreclosure, voluntary conveyance, or sale of property, the amount of subsidy to be repaid the Government will be determined in the same manner as described in paragraph 6 of this Exhibit but based on the appraised value determined by FmHA instead of sales price. In such cases, the subsidy due the Government will remain a lien on the property until paid. It must be paid upon non occupancy, sale, or transfer of title to the property.

8   I (we) have read and agree to the provisions of this agreement.

_Catherine Hayes_ Borrower
Catherine A. Hayes
_____ Co-Borrower

____06/20/85____

Accepted and Agreed to
By _James L. Clark, Jr._   (FmHA Official)
    County Supervisor       (Title)
    ____06/20/85____
           Date

oOo